UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SLOAN MANNING,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>U.S. OFFICE OF PERSONNEL MANAGEMENT,<br><br>　　　　Defendant. | Civil Action No. 25-0342 (CKK) |

**MOTION TO DISMISS IN PART AND**
**MEMORANDUM IN SUPPORT THEREOF**

# TABLE OF CONTENTS

Table of Contents ................................................................................................................................ i

Table of Authorities .......................................................................................................................... ii

Statutory Background ....................................................................................................................... 1

Factual Background .......................................................................................................................... 1

Procedural Background ..................................................................................................................... 2

Legal Standards ................................................................................................................................. 3

Argument ........................................................................................................................................... 4

    I.      The ADA Claims Should be Dismissed. .................................................................... 4

    II.     The ACA and Constitutional Claims Are Precluded by Title VII and the Rehabilitation Act. ................................................................................................... 5

    III.    Plaintiff Cannot Bring a Claim Under Section 1557 of the ACA .......................... 7

Conclusion ......................................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**          Page(s)

*Ahmed v. Napolitano*,
  825 F. Supp. 2d 112 (D.D.C. 2011) .................................................................................... 5

*Alston v. Johnson*,
  208 F. Supp. 3d 293 (D.D.C. 2016) ..................................................................................... 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................ 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................ 3

*Bozgoz v. Blackwell*,
  Civ A. No. 19-2790 (RDM), 2021 WL 4243402 (D.D.C. Sept. 17, 2021) .............................. 5

\* *Brown v. GSA*,
  425 U.S. 820 (1976) ............................................................................................................ 5

*Coulibaly v. Kerry*,
  213 F. Supp. 3d 93 (D.D.C. 2016) ....................................................................................... 6

*Duffy v. Dodaro*,
  Civ A. No. 16-1178 (RDM), 2020 WL 1323225 (D.D.C. Mar. 21, 2020) ............................. 6

*Edwards v. U.S. EPA*,
  456 F. Supp. 2d 72 (D.D.C. 2006) ....................................................................................... 5

*Ethnic Emps. of Library of Cong. v. Boorstin*,
  751 F.2d 1405 (D.C. Cir. 1985) ....................................................................................... 5, 6

*Hayes v. Prudential Ins. Co.*,
  819 F.2d 921 (9th Cir. 1987) ............................................................................................... 1

*Hester v. Mayorkas*,
  Civ A. No. 21-cv-639 (DLF), 2022 WL 4464876 (D.D.C. Sept. 26, 2022) .......................... 6

*Hurd v. District of Columbia*,
  864 F.3d 671 (D.C. Cir. 2017) ............................................................................................. 4

*Jack's Canoes & Kayaks, L.L.C. v. Nat'l Park Serv.*,
  937 F. Supp. 2d 18 (D.D.C. 2013) ....................................................................................... 3

*Kizas v. Webster*,
  707 F.2d 524 (D.C. Cir. 1983) ............................................................................................. 5

*Klute v. Shinseki*,
  797 F. Supp. 2d 12 (D.D.C. 2011) ....................................................................................... 4

*Marshall v. Potter*,
  634 F. Supp. 2d 66 (D.D.C. 2009) ................................................................................. 4

*Raines v. U.S. DOJ*,
  424 F. Supp. 2d 60 (D.D.C. 2006) ................................................................................. 5

*Rand v. Geithner*,
  609 F. Supp. 2d 97 (D.D.C. 2009) ................................................................................. 5

*Richardson v. Yellen*,
  167 F. Supp. 3d 105 (D.D.C. 2016) ............................................................................... 5

*Tarquinii v. Del Toro*,
  Civ A. No. 21-1567 (RC), 2024 WL 4298857 (D.D.C. Sept. 26, 2024) ................................... 6

*Terveer v. Billington*,
  34 F. Supp. 3d 100 (D.D.C. 2014) ................................................................................. 6

*Vanover v. Hantman*,
  77 F. Supp. 2d 91 (D.D.C. 1999) ................................................................................... 4

*Ward v. D.C. Dep't of Youth Rehab. Servs.*,
  768 F. Supp. 2d 117 (D.D.C. 2011) ............................................................................... 4

*Ward v. Kennard*,
  133 F. Supp. 2d 54 (D.D.C. 2000) ................................................................................. 5

*Wardrick v. Fed. Bureau of Prisons*,
  Civ A. No. 19-184, 2020 WL 1821133 (D.D.C. Apr. 10, 2020) ............................................. 3-4

*Woodruff v. Peters*,
  482 F.3d 521 (D.C. Cir. 2007) ....................................................................................... 4

**Statutes**

5 U.S.C. § 1557 ................................................................................................................. 2, 7, 8
5 U.S.C. § 8901 ................................................................................................................. 1
5 U.S.C. § 8902 ................................................................................................................. 1
5 U.S.C. § 8903 ................................................................................................................. 1
5 U.S.C. § 8913 ................................................................................................................. 1, 2
20 U.S.C. § 1681 ............................................................................................................... 7
29 U.S.C. § 794 ................................................................................................................. 7
29 U.S.C. § 1557 ............................................................................................................... 7
42 U.S.C. § 794 ................................................................................................................. 7
42 U.S.C. § 2000d ............................................................................................................. 7
42 U.S.C. § 6101 ............................................................................................................... 7

42 U.S.C. § 12111 ................................................................................................................ 4

42 U.S.C. § 18116 ................................................................................................................ 7

**Rules**

Fed. R. Civ. P. 12 ................................................................................................................ 3

**Other**

29 C.F.R. pt. 1614 ................................................................................................................ 7

Nondiscrimination in Health Programs and Activities,
    89 Fed. Reg. 37,522 (May 6, 2024) ................................................................................ 7

Defendant U.S. Office of Personnel Management ("OPM") respectfully moves to dismiss Plaintiff Sloan Manning's Complaint in part under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim.

## STATUTORY BACKGROUND

The Federal Employees Health Benefits Act (the "Act") establishes a "comprehensive program to provide federal employees and retirees with subsidized health care benefits. Under the Act, the United States does not act as an insurer, but, through [OPM], contracts with various private carriers to develop health care plans with varying coverages and costs." *Hayes v. Prudential Insurance Co. of America,* 819 F.2d 921, 922 (9th Cir. 1987). Under the Act, OPM is entrusted with the authority to administer the health benefits program to all federal employees. As part of this role, the Act authorizes OPM to negotiate and contract with private insurance carriers to offer health benefits to federal employees through the Federal Employee Health Benefits ("FEHB") Program. *See* 5 U.S.C. §§ 8901, 8902(a), 8903. OPM is furthermore empowered to "prescribe regulations necessary to carry out" the Act. *See* 5 U.S.C. §§ 8913(a), 8913(b).

## FACTUAL BACKGROUND

Defendant assumes for purposes of this motion only that the well-pleaded factual allegations are true. Between 2010 to January 2021, Plaintiff Sloan Manning worked as a federal employee at the Department of Treasury's Internal Revenue Bureau. Compl. ¶¶ 1, 40, ECF No. 3-1. Plaintiff alleges that he is a transsexual man diagnosed with gender dysphoria. *Id.* ¶¶ 7-12, 42.

In 2012, Plaintiff decided to transition from female to male. *Id.* ¶¶ 42-45. In 2015, Plaintiff then sought and later obtained male chest reconstruction surgery, which consists of a bilateral mastectomy and nipple areola reconstruction. *Id.* ¶¶ 46, 56-57. Aetna, the carrier of Plaintiff's FEHB plan, approved coverage for the bilateral mastectomy, but denied coverage for nipple-areola

reconstruction. *Id.* ¶¶ 49-50. Aetna denied Plaintiff's appeal of the coverage denial. *Id.* ¶¶ 51-55. Because of the denial, Plaintiff and his wife paid for the nipple-areola reconstruction surgery out of pocket. *Id.* ¶ 58.

## PROCEDURAL BACKGROUND

On or about May 11, 2015, Plaintiff commenced the informal Equal Employment Opportunity ("EEO") complaint process with OPM regarding Aetna's coverage denial. *Id.* ¶ 59. On June 12, 2015, Plaintiff filed a formal complaint. *Id.* ¶ 61. On January 11, 2016, OPM dismissed his complaint for failure to state a claim. *Id.* ¶ 62. Plaintiff thereafter appealed the dismissal to the U.S. Equal Employment and Opportunity Commission ("EEOC"). *Id.* ¶ 63. On March 6, 2017, the EEOC found that Plaintiff had stated a claim, reversed the dismissal of the complaint, and ordered OPM to process the remanded claim within thirty days of the EEOC's order. *Id.* ¶ 66; *Darin B.*, EEOC DOC 0120161068, 2017 WL 1103712, at *1 (Mar. 6, 2017). Plaintiff alleges that OPM has not acted on the EEOC's order. *Id.* ¶¶ 63-74.

On April 23, 2021, Plaintiff filed a notice of appeal to the EEOC seeking enforcement of the EEOC's March 6, 2017, order. *Id.* ¶ 75. Plaintiff alleges that EEOC has not issued an opinion on its appeal either. *Id.* ¶¶ 79-81.

On February 6, 2025, Plaintiff filed suit in this Court challenging the denial of coverage for the nipple-areola reconstruction surgery. Compl., ECF No. 3. Plaintiff brings claims of (1) sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and Section 1557 of the Affordable Care Act ("ACA"), *id.* ¶¶ 88-98; (2) sex discrimination in violation of the Equal Protection Clause, *id.* ¶¶ 99-114, (3) disability discrimination in violation of the Rehabilitation Act, the Americans with Disabilities Act ("ADA"), and Section 1557 of the ACA, *id.* ¶¶ 115-26; and (4) disability discrimination in violation of the Equal Protection Clause, *id.* ¶¶ 127-36.

**LEGAL STANDARDS**

A motion made under Rule 12(b)(6) tests whether a complaint has successfully "state[d] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While detailed factual allegations are not necessary to withstand a Rule 12(b)(6) challenge, a plaintiff must nonetheless provide "more than labels or conclusions" or "a formulaic" recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim is facially plausible only when a plaintiff pleads factual content that enables the Court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the Court must assume that any "well-pleaded factual allegations" in a complaint are accurate, conclusory allegations "are not entitled to the assumption of truth." *Id.* at 679. Furthermore, the Court "need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint. Moreover, the court is not bound to accept as true a legal conclusion couched as a factual allegation." *Jack's Canoes & Kayaks, LLC v. Nat'l Park Serv.*, 937 F. Supp. 2d 18, 27 (D.D.C. 2013) (internal quotation marks and citations omitted). A complaint that "pleads facts that are merely consistent with a defendant's liability, [] stops short of the line between possibility and plausibility of entitlement to relief," and is insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In considering a Rule 12(b)(6) motion, a court may consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *Wardrick v. Fed. Bureau of Prisons*, Civ. A. No. 19-0184,

2020 WL 1821133, at *4 (D.D.C. Apr. 10, 2020) (quoting *Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017)). The Court may also consider "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *See Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 n.2 (D.D.C. 2011) (declining to convert motion to dismiss to summary judgment) (internal quotations and citations omitted). "'[W]here a document is referred to in the complaint or is central to the plaintiff's claims, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.'" *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 F. App'x 4 (D.C. Cir. 2002). "Moreover, a document need not be mentioned by name to be considered 'referred to' or 'incorporated by reference' into the complaint. Otherwise, 'a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied.'" *Alston v. Johnson*, 208 F. Supp. 3d 293, 298 (D.D.C. 2016).

## ARGUMENT

### I.   The ADA Claims Should be Dismissed.

Any of Plaintiff's claims under the ADA should be dismissed. Plaintiff alleges he was an employee of the federal government during the alleged incidents in the Complaint. Compl. ¶¶ 1, 40. The "ADA does not apply to employees of the federal government because the federal government is not considered an 'employer' under the ADA." *Klute v. Shinseki,* 797 F. Supp. 2d 12, at 17 (D.D.C. 2011); *see also* 42 U.S.C. § 12111(5)(B)(i) (specifically excluding "the United States" from the definition of "employer").

Instead, Congress incorporated the ADA through the Rehabilitation Act, which in part bars both discrimination and retaliation based on disability. *Woodruff v. Peters,* 482 F.3d 521, 526 (D.C. Cir. 2007); *Marshall v. Potter,* 634 F. Supp. 2d 66, 73 (D.D.C. 2009). Accordingly, the

Rehabilitation Act is "the exclusive remedy for employment discrimination based on a disability for federal employees." *Raines v. Dep't of Justice,* 424 F. Supp. 2d 60, 64 (D.D.C. 2006) (quoting *Ward v. Kennard,* 133 F. Supp. 2d. 54, 57 (D.D.C. 2000) (internal quotation marks omitted)); *see also Rand v. Geithner,* 609 F. Supp. 2d 97, 100 (D.D.C. 2009); *Edwards v. EPA,* 456 F. Supp. 2d 72, 100 (D.D.C. 2006); *Ahmed v. Napolitano*, 825 F. Supp. 2d 112, 115 (D.D.C. 2011). Thus, all of Plaintiff's ADA claims should be dismissed.

## II. The ACA and Constitutional Claims Are Precluded by Title VII and the Rehabilitation Act.

Plaintiff's claims under the ACA and the Constitution should be dismissed. Title VII and the Rehabilitation Act preclude these claims.

As held in *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976), Title VII is the "exclusive" remedy for claims of discrimination in federal employment. In other words, "[t]he Title VII remedy declared exclusive for federal employees in *Brown v. GSA* precludes actions against federal officials for alleged constitutional violations as well as actions under other federal legislation." *Kizas v. Webster*, 707 F.2d 524, 542 (D.C. Cir. 1983). To that end, "this circuit has repeatedly held that federal employees may not bring suit under the Constitution for employment discrimination that is actionable under Title VII." *Ethnic Emps. of Libr. of Cong. v. Boorstin*, 751 F.2d 1405, 1415 (D.C. Cir. 1985). Likewise, "the Rehabilitation Act . . . is the exclusive remedy for federal employees alleging disability discrimination." *Richardson v. Yellen*, 167 F. Supp. 3d 105, 110 (D.D.C. 2016) (citation omitted); *Bozgoz v. Blackwell*, Civ. A. No. 19-2790 (RDM), 2021 WL 4243402, at *6 (D.D.C. Sept. 17, 2021).

While neither Title VII nor the Rehabilitation Act "prevent[s] federal employees from suing their employers for constitutional violations against which Title VII provides no protection at all," plaintiffs cannot merely "recast" their Title VII or Rehabilitation Act as constitutional or

other statutory claims. *Boorstin*, 751 F.2d at 1415. Plaintiffs cannot bring "parallel actions under both Title VII and other provisions of federal law to redress the same basic injury." *Id.*; *Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 130 (D.D.C. 2016) (When "the same set of facts supports a Title VII claim and a non-Title VII claim against a federal employer, the Title VII claim preempts the non-Title VII claim.").

Here, Plaintiff's constitutional and ACA claims merely "recast" his Title VII and Rehabilitation Act claims. *See* Compl. at 24 (stating that Equal Protection claim is based on "sex discrimination"); *id.* at 30 (basing Equal Protection claim is based on "disability discrimination"); *id.* at 21, 27 (alleging ACA claims under the same headings as Title VII and Rehabilitation Act claims). At their core, Plaintiff's Title VII, Rehabilitation Act, ACA, and constitutional claims all allege that OPM discriminated against him based on his sex and disability by contracting with a health insurance carrier that refused to cover the nipple-areola reconstruction surgery. *See* Compl. ¶¶ 88-136. Thus, because Plaintiff does not raise any ACA or constitutional claim unrelated to the same actions underlying his Title VII and Rehabilitation Act claims, those claims are precluded. *See Tarquinii v. Del Toro*, Civ. A. No. 21-1567 (RC), 2024 WL 4298857, at *21–22 (D.D.C. Sept. 26, 2024) (finding former federal employee's due process claim challenging termination precluded by Title VII), *aff'd in part*, No. 24-5243, 2025 WL 728438 (D.C. Cir. Mar. 6, 2025); *Duffy v. Dodaro*, Civ. A. No. 16-1178, 2020 WL 1323225, at *7 (D.D.C. Mar. 21, 2020) (dismissing due process claim which did not appear different from ADA claims); *see also Hester v. Mayorkas*, Civ. A. No. 21-639, 2022 WL 4464876, at *4 (D.D.C. Sept. 26, 2022), (finding plaintiffs' constitutional claims were precluded by Title VII), *aff'd*, No. 22-5312, 2023 WL 3829323 (D.C. Cir. June 2, 2023); *Terveer v. Billington*, 34 F. Supp. 3d 100, 121–22 (D.D.C. 2014) (dismissing due process and Equal Protection claims based on sex stereotyping as duplicative of Title VII claims).

The Court should therefore dismiss any claims under the ACA or the Equal Protection clause.

### III. Plaintiff Cannot Bring a Claim Under Section 1557 of the ACA.

Plaintiff has furthermore failed to state a claim under Section 1557 of the ACA, as Section 1557 simply does not apply to OPM. Section 1557 of the Patient Protection and Affordable Care Act, codified at 42 U.S.C. § 18116, prohibits discrimination by certain health programs or activities. This section did not amend Chapter 89 of Title 5, which governs the FEHB Program. Moreover, 42 U.S.C. § 18116 only prohibits discrimination under Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, and Section 794 of Title 29 – statutes which apply to entities that receive federal funding, and therefore not OPM. *See* 42 U.S.C. § 2000d (prohibiting discrimination in federally assisted programs); 20 U.S.C. § 1681 (prohibiting sex discrimination in any "education program or activity receiving Federal financial assistance"); 42 U.S.C. § 6101 (prohibiting age discrimination in "programs or activities receiving Federal financial assistance"); 29 U.S.C. § 794 (applying to nondiscrimination under federal grants and programs).

Indeed, in promulgating regulations to implement Section 1557, the Department of Health and Human Services acknowledged that it would not have jurisdiction over programs OPM administers, including the FEHB Program, and explained that if HHS receives any complaints under the statute, it will refer them to OPM. *See* Nondiscrimination in Health Programs and Activities, 89 Fed. Reg. 37,522, 37,624-27 (May 6, 2024) (codified at 42 CFR Parts 438, 440, 457, and 460; 45 CFR Parts 80, 84, 92, 147, 155, and 156). OPM, in turn, would channel any such complaints through the EEOC's federal sector EEO process, which is the appropriate vehicle for addressing complaints of discrimination under the FEHB Program. 29 C.F.R. pt. 1614; *see* Mem. Op. at 13-14, *Doe v. OPM*, Civ. A. No. 24-2371 (RFL) (N.D. Ca. Dec. 19, 2024), ECF No. 26.

Thus, Plaintiff cannot state a claim upon which relief can be granted against OPM under Section 1557.

## CONCLUSION

For these reasons, the Court should dismiss Plaintiff's Complaint in part. The only remaining claims should be the Title VII sex discrimination claim and Rehabilitation Act claim.

Dated: July 10, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:  /s/ Erika Oblea
ERIKA OBLEA, D.C. Bar #1034393
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2567
Erika.Oblea@usdoj.gov

*Attorneys for the United States of America*