IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SLOAN MANNING, | § | |
| Plaintiff, | § | Case No. 25-0342 (CKK) |
| v. | § | |
| | § | |
| U.S. OFFICE OF PERSONNEL | § | |
| MANAGEMENT, | § | |
| Defendant. | § | |
| | § | |

# MR. MANNING'S OPPOSITION TO
## OPM'S PARTIAL MOTION TO DISMISS (ECF NO. 10)

Ezra Young
LAW OFFICE OF EZRA YOUNG
210 North Sunset Drive
Ithaca, NY 14850
P: (949) 291-3185
ezra@ezrayoung.com

*Counsel for Plaintiff Mr. Manning*

# TABLE OF CONTENTS

Introduction ..................................................................................1

Background ...................................................................................2

    *Prelitigation* ............................................................................2

    *Mr. Manning's Complaint* ..................................................4

    *OPM's Motion to Dismiss* ....................................................6

Standard of Review .......................................................................7

Argument .....................................................................................9

   I.    Claims cannot be duplicative before those they purportedly mirror are determined to be cognizable .....................................9

      *A. OPM misstates the standard for duplicity* .........................9

      *B. Suggestion of duplicity is also premature* ........................11

   II.   Counts Two and Four seek to enjoin unconstitutional agency action which federal workers have a right to grieve under *Brown v. Gen Servs. Admin* (1979) ...........................................14

   III.  Count Three's reference to the Americans with Disabilities Act (ADA) correctly elevates what OPM admits—that it amends the Rehabilitation Act .................................................................16

   IV.  Section 1557 prohibits sex and disability discrimination in contracts of insurance .............................................................17

Conclusion....................................................................................20

# TABLE OF AUTHORITIES

## Cases

*Andrus v. Glover Constr. Co.*,
    446 US 608 (1980)...................................................................18, 19

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009)...........................................................8

*Ariz. Governing Comm. v. Norris*,
    463 US 1073 (1983)................................................................18

*Belizan v. Hershon*,
    434 F.3d 579 (D.C. Cir. 2006) .........................................8

*Bell Atlantic v. Twombly*,
    550 U.S. 544 (2007)...............................................................8

*Bolling v. Sharpe*,
    347 U.S. 497 (1954)...............................................................15

*Bostock v. Clayton County*,
    590 US 644 (2020)..................................................................13

*Brown v. General Services Administration*,
    425 US 820 (1979)..............................................................10, 15

*Brown v. Government of District of Columbia*,
    390 F.Supp.3d 114 (D.D.C. 2019) ................................11

*City of Cleburne v. Cleburne Living Center, Inc.*,
    473 U.S. 432 (1985)...............................................................10

*Darin B. v. OPM*,
    Appeal No. 012016068, 2017 WL 1103712 (EEOC 2017).............13

*Doak v. Johnson*,
    798 F.3d 1096 (D.D.C. 2015)...................................................9, 10

*Ethnic Employees of the Library of Congress v. Boorstin,*
   751 F.2d 1405 (D.D.C. 1985)..........................................................12

*Firestone v. Firestone,*
   76 F.3d 1205 (D.C. Cir. 1996) .......................................................9

*Johnson v. Railway Express Agency,*
   421 U.S. 454 (1975)........................................................................10

*Loper Bright Enterprises v. Raimondo,*
   603 US 369 (2024)..........................................................................19

*Missouri v. Jenkins,*
   495 U.S. 33 (1990)..........................................................................10

*Payne v. Salazar,*
   619 F.3d 56, 64–65 (D.C. Cir. 2010)...............................................5

*Rudder v. Williams,*
   666 F.3d 790 (D.C. Cir. 2012) .......................................................8

*Sessions v. Morales-Santana,*
   582 U.S. 47 (2017)..........................................................................9

*Steinberg v. Gray,*
   815 F.Supp.2d 293 (D.D.C. 2011) ................................................11

*Wultz v. Islamic Republic of Iran,*
   755 F.Supp.2d 1 (D.D.C. 2010) ....................................................10

## United States Constitution

Amendment V ....................................................................................15

Amendment XIV .........................................................................14, 15

Amendment XXVIII ...................................................................................15


## Statutes

Title VII, 42 USC § 2000e-2........................................................................9

Section 1557, 42 USC 18116....................................................9, 17, 18

42 USC 2000e-16(e) ...................................................................................16


## Rules

Fed. R. Civ. Pro. 12(b)(6).............................................................................7


## Other Authorities

*Cause of Action*, Legal Info. Inst., Cornell L. Sch. ...................................6

*Claim*, Legal Info. Inst., Cornell L. Sch. ...................................................6

Nick Niedzwiadek, *Trump Clears out EEOC Democrats*,
POLITCO PRO, Jan. 28, 2025 .............................................................3

United States' Statement of Interest, *Blatt v. Cabela's Retail, Inc.*,
No. 5:14-cv-4822, 22015 WL 9872493 (E.D. Pa. 2015) .................14

United States' Statement of Interest, *Doe v. Arrisi*,
No. 3:16-cv-8640 (D.N.J. 2017) ........................................................14

## INTRODUCTION

Mr. Manning is a former IRS employee. He grieves OPM's maintenance of FEHB plans administered by third party providers that contain trans exclusions which subject trans persons to lesser coverage for the same procedure on the basis of sex and/or disability. *See generally* ECF No. 3-1 (operative complaint).

OPM's partial motion to dismiss (ECF No. 10) turns on an unsettling premise—that as a federal agency, it is not obliged to abide by the Constitution and even if bound there is no remedy available to Mr. Manning if his constitutional rights are violated. It also urges that if a federal worker like Mr. Manning brings causes of action under Title VII and the Rehabilitation Act, he is barred from bringing other causes of action.

Mr. Manning opposes OPM's motion for four reasons. First, it is premature to determine whether some causes of action are duplicative of others warranting dismissal. Second, federal workers have a right to ask that agencies be enjoined from violating their constitutional rights. Third, dismissing a reference the Complaint makes to the Americans with Disabilities Act in conjunction with the Rehabilitation Act is

1

unnecessary since OPM admits the former is incorporated into the latter. Fourth, Section 1557 prohibits discriminatory terms in health insurance contracts and there is no federal government exception.

## BACKGROUND

*Prelitigation*

In 2015, Mr. Manning sought coverage of male chest reconstruction, which is comprised of a double mastectomy and nipple areola reconstruction. The FEHB plan administered by Aetna allowed coverage of the double mastectomy but denied nipple areola reconstruction. However, a nontrans woman or man under the same FEHB plan is presumed to require nipple areola reconstruction if a double mastectomy is performed and there is no gender dysphoria diagnosis.

Mr. Manning exhausted internal appeals with Aetna. Rather than live without any nipple or areolas, Mr. Manning paid for this part of the procedure out of pocket. Thereafter, he timely grieved the denial to OPM using the federal sector EEO process.

In 2016, OPM dismissed Mr. Manning's complaint for failure to state a claim on the premise that trans persons are not protected by federal EEO laws including Title VII and the Rehabilitation Act. In 2017,

the Equal Employment Opportunity Commission ruled that trans exclusions on health benefits plans violate Title VII and potentially also the Rehabilitation Act as amended by the Americans with Disabilities Act to the extent that gender dysphoria is construed as a gender identity disorder arising from a physical impairment. The Commission remanded Mr. Manning's complaint to OPM for a final agency decision (FAD). *Darin B. v. OPM*, Appeal No. 012016068, 2017 WL 1103712 (EEOC 2017).

In 2021, Mr. Manning filed another appeal to the Commission, this time grieving OPM's failure to issue a FAD as required by the Commission's 2017 decision. OPM refused to participate in this appeal. Despite repeated requests that the Commission issue a merits decision on Mr. Manning's second appeal none issued. After the Commission lost a quorum in early 2025,[1] Mr. Manning filed this suit seeking a judicial determination as to whether OPM's maintenance of FEHB plans with trans exclusions and the specific denial incurred by Mr. Manning violate the United States Constitution and/or federal civil rights statutes

---

1. Nick Niedzwiadek, *Trump Clears out EEOC Democrats*, POLITICO PRO, Jan. 28, 2025, https://subscriber.politicopro.com/article/2025/01/trump-clears-out-eeoc-democrats-00201060.

including but not limited to Title VII, the Rehabilitation Act as amended by the Americans with Disabilities Act, and Section 1557 of the Affordable Care Act.

### *Mr. Manning's Complaint*

Mr. Manning's complaint (ECF No. 3) brings four causes of action. They are titled as follows:

> Count 1: Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964 and Section 1557 of the Affordable Care Act
>
> Count 2: Sex Discrimination in Violation of the United States Constitution
>
> Count 3: Disability Discrimination in Violation of the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1991, and Section 1557 of the Affordable Care Act
>
> Count 4: Disability Discrimination in Violation of the United States Constitution

Mr. Manning grieves conduct committed by OPM as well as by Aetna, for which OPM is legally responsible. Some conduct occurred at the time Mr. Manning was denied coverage by Aetna. *See, e.g.*, ECF No. 3-1 ¶¶ 49–58, 116–118. But other conduct is alleged to have occurred at

the time OPM contracted the plan with Aetna. *See, e.g.*, ECF No. 3-1 ¶¶ 91–94; 109–112; 116–122).

Mr. Manning also grieves OPM's failure to take responsibility for remedying his injuries during the EEO process. For example, Mr. Manning grieves OPM's refusal to abide by the Commission's 2017 order that it issue a FAD. The Complaint also grieves OPM's refusal to abide by federal law and remedy Mr. Manning's denial of coverage after he exhausted his internal appeals with Aetna. *See, e.g.*, ECF No. 3-1 ¶¶ 65–87, 112–114. *See also Payne v. Salazar*, 619 F.3d 56, 64–65 (D.C. Cir. 2010) ("If an agency believes it is liable on a claim, Title VII requires it to rule in the complainant's favor without regard to tactical litigation considerations.").

Mr. Manning's complaint also requests a mix of remedies, some statutorily provided others that may only be granted where constitutional claims are brought. For instance, Mr. Manning seeks attorneys' fees and costs incurred in the agency proceedings, remedies provided by federal statutes (ECF No. 3-1 at 33 ¶ F). He also seeks an order requiring OPM to train employees on constitutional prohibitions against unlawful sex and disability discrimination (*id.* ¶ C).

*OPM's Motion to Dismiss*

The Agency's partial motion to dismiss (ECF No. 10) construes without explanation each count brought by Mr. Manning to contain several standalone claims. On the premise that Mr. Manning brought such claims, the metes and bounds of which OPM defines without reference to the Complaint, the Agency asks this Court to determine some laws do not protect Mr. Manning.

For example, OPM contends that Mr. Manning's "claims" arising under the Americans with Disabilities Act (ADA) (ECF No. 10 at 5–6), Affordable Care Act Section 1557 (*id.* at 5–7), and the Constitution (*id.* at 5–6) must be dismissed as a matter of law under Rule 12(b)(6) for failure to state a claim. Setting aside that OPM's motion confuses causes of action with claims,[2] the Agency's legal arguments are logically infirm.

---

2. A **cause of action** identifies facts and legal theory that entitle plaintiff to seek relief from defendant. *Cause of Action*, Legal Information Institute, Cornell Law School, https://www.law.cornell.edu/wex/cause_of_action (last visited July 24, 2025).

A **claim** is a specific demand for a remedy or relief based on a cause of action. *Claim*, Legal Information Institute, Cornell Law School, https://www.law.cornell.edu/wex/claim (last visited July 24, 2025).

All OPM's arguments proceed on the logic that *if some federal laws may protect* Mr. Manning, *then others can never protect him*. OPM stops short of stipulating that if proved, Mr. Manning is protected by either Title VII or the Rehabilitation Act, two statutes it insists would, if the other claims grieve the same conduct and seek the same remedies, be duplicative.

## STANDARD OF REVIEW

Mr. Manning agrees with OPM that Federal Rule of Civil Procedure Rule 12(b)(6) allows dismissal for failure to state a claim upon which relief can be granted.

However, OPM's articulation of the standard of review curiously focuses on how this Court should construe documents attached to either a complaint or motion to dismiss (ECF No. 10 at 3–4). The relevance of such documents is unclear as none are attached to the Complaint or OPM's motion.

Mr. Manning suggests this Court instead focus on the basic standard for 12(b)(6) relief requested by OPM. Rule 12(b)(6) allows dismissal of "a complaint for failure to state a claim only if the complaint does not contain sufficient factual matter, accepted as true, to state a

7

claim to relief that is plausible on its face." *Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible where it sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Rudder*, 666 F.3d at 794. (cleaned up). This inquiry is "a context-specific task that requires the reviewing court to draw on its own judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

OPM's motion does not state whether it seeks dismissal with prejudice. *See, e.g.*, ECF No. 10 at 1 (seeking partial dismissal but taking no position on whether Manning should be granted leave to amend); *id.* at 8 (seeking "dismissal in part" without reference to prejudice).

In an excess of caution, dismissal with prejudice is exceptional and not lightly granted. This is so because dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and ultimately precludes further litigation of them. *Rudder*, 666 F.3d, at 794 (citing *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006)) (cleaned up). Consequently, the standard for dismissing with prejudice is heigh—it is

only warranted when it is impossible for the plaintiff to allege other facts consistent with the challenged pleading to cure the alleged deficiency." *Rudder*, 55 F.3d at 794–95 (citing *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)).

## ARGUMENT

### I.    CLAIMS CANNOT BE DUPLICATIVE BEFORE THOSE THEY PURPORTEDLY MIRROR ARE DETERMINED TO BE COGNIZABLE.

Much of OPM's motion insists that Mr. Manning cannot bring certain statutory and constitutional claims because they are duplicative of those brought under Title VII and the Rehabilitation Act. This argument lacks merit.

### A. *OPM Misstates the Standard for Duplicity*

Mr. Manning does not contest that Title VII, Section 1557, as well as the Constitution prohibit sex discrimination. 42 USC § 2000e-2 (Title VII); 42 USC 18116 (Section 1557); *Sessions v. Morales-Santana*, 582 U.S. 47 (2017) (constitutional prohibition). Nor does he dispute that the Rehabilitation Act as amended by the Americans with Disabilities Act (ADA) and the Constitution prohibit disability discrimination. *Doak v. Johnson*, 798 F.3d 1096, 1098 (D.D.C. 2015) (recognizing that portions of

9

the ADA are incorporated into the Rehabilitation Act); *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432 (1985) (constitutional prohibition).

However, the legal fact that several laws forbid the same or similar conduct is not duplicity warranting dismissal. "Duplicative claims are those that stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available." *Wultz v. Islamic Republic of Iran*, 755 F.Supp.2d 1, 82 (D.D.C. 2010).

OPM also misses that federal nondiscrimination statutes do not bar workers from seeking remedies provided by other laws. *See, e.g.*, *Johnson v. Railway Express Agency*, 421 U.S. 454, 461 (1975) (Title VII does not deprive aggrieved parties of other remedies).

The Agency also fails to grasp that Mr. Manning has a right to seek vindication of his constitutional rights. *Brown v. General Services Administration*, 425 US 820, 826 & n.7. (1979) (federal workers have cause of action to enjoin Agency from unconstitutional action in the workplace). *See also Missouri v. Jenkins*, 495 U.S. 33 (1990) (vindication of constitutional right must allow constitutional remedy).

OPM also fails to appreciate that the Complaint asks this Court for a legal determination and remedy not provided by federal statutes. To wit, Mr. Manning seeks a finding that OPM has violated his constitutional rights, and if found that OPM be enjoined from violating those rights going forward. He also seeks as a remedy that OPM be directed to train its workforce on its constitutional duties with respect to sex and disability discrimination. Such relief cannot be afforded to Mr. Manning under either Title VII or the Rehabilitation Act. Consequently, the constitutional causes of action do not seek relief identical to the statutory claims, defeating OPM's suggestion of duplicity. *Brown v. Government of District of Columbia*, 390 F.Supp.3d 114, 127 (D.D.C. 2019) (Jackson, J.) (citing *Steinberg v. Gray*, 815 F.Supp.2d 293, 299 (D.D.C. 2011) (declining to dismiss claims as duplicative where different relief is requested)).

### B. Suggestion of Duplicity is also Premature

This Court has not yet determined that Mr. Manning has cognizable claims under either Title VII or the Rehabilitation Act. And OPM has declined to stipulate either let alone both statutes protect Mr. Manning. Absent a finding that Title VII and the Rehabilitation Act

provide causes of action for Mr. Manning to grieve OPM's maintenance of health plans with trans exclusions and that OPM is responsible for the injuries incurred by Mr. Manning because of Aetna's denial of his surgical claim for nipple-areola reconstruction, a suggestion of duplicity is at best premature.

Federal workers must have some cause of action to challenge illicit bias in the workplace. If federal statutes fail to provide one, the Constitution must. As this Court explained decades ago, "nothing in [the] history [of federal nondiscrimination laws] even remotely suggests that Congress intended to prevent federal employees from suing their employers for constitutional violations against which Title VII provides no protection at all." *Ethnic Employees of the Library of Congress v. Boorstin*, 751 F.2d 1405, 1415 (D.D.C. 1985).

It is premature before determining Mr. Manning is protected by Title VII and the Rehabilitation Act, to hold he cannot bring other causes of action arising under other laws. This Court may take judicial notice that OPM's motion stops short of stipulating that Mr. Manning is protected by Title VII and the Rehabilitation Act. It may also take judicial notice that before the Equal Employment Opportunity

Commission, OPM took the position that neither Title VII nor the Rehabilitation Act protects trans persons. OPM also insisted that even if those laws protect Mr. Manning, it is not responsible under those laws for the trans exclusion on his FEHB plan nor Aetna's denial of his claim under either Title VII or the Rehabilitation Act. *See Darin B. v. OPM*, Appeal No. 012016068, 2017 WL 1103712, at 2*–4 & 4 n.3 (EEOC 2017).

If nothing else, OPM should proffer its position whether it agrees that (1) Mr. Manning is protected by Title VII and the Rehabilitation Act and (2) OPM is responsible for Aetna's maintenance of the trans exclusion and Aetna's denial of Mr. Manning's claim before considering duplicity as a ground for dismissal. If this Court were to allow otherwise, it would invite OPM to turn around and urge dismissal of Mr. Manning's Title VII and Rehabilitation Act causes of action for failing to state cognizable claims, which would leave Mr. Manning with no redress whatsoever.

Mr. Manning appreciates that the Supreme Court has definitively held that Title VII protects trans workers from discrimination "because of . . . sex." *Bostock v. Clayton County*, 590 US 644 (2020) (Gorsuch, J.). However, OPM has refused since *Bostock* to concede this point. By a

similar token, Mr. Manning appreciates that the United States previously took the position that federal disability laws protect trans persons despite explicit exclusions in other civil rights cases. *See, e.g.*, United States' Statement of Interest, *Blatt v. Cabela's Retail, Inc.*, No. 5:14-cv-4822, 22015 WL 9872493 (E.D. Pa. 2015); United States' Statement of Interest, *Doe v. Arrisi*, No. 3:16-cv-8640 (D.N.J. 2017), *available* *at* https://images.law.com/contrib/content/uploads/sites/292/2017/07/transgender-2.pdf. Again, OPM has refused to adopt this position with respect to Mr. Manning's grievances.

## II. COUNTS TWO AND FOUR SEEK TO ENJOIN UNCONSTITUTIONAL AGENCY ACTION WHICH FEDERAL WORKERS HAVE A RIGHT TO GRIEVE UNDER *BROWN V. GEN. SERVS. ADMIN.* (1979).

OPM urges dismissal of Counts Two and Four, which grieve sex and disability discrimination in violation of the Constitution. The Agency insists dismissal is required because Title VII and the Rehabilitation Act preempt such claims. Not so.

The Federal Government must abide by the Constitution. Pursuant to the doctrine of reverse incorporation, the equal protection provision of

the Fourteenth Amendment (and by logical extension the Twenty-Eighth Amendment's expansion of equal protection to expressly prohibit sex discrimination) is incorporated against the Federal Government by the Fifth Amendment. That the federal government, just like state governments, is obliged to obey Constitutional equal protection, and that constitutional violations give rise to constitutional remedies has been settled since 1954. This is why *Bolling v. Sharpe*, 347 U.S. 497, ____ (1954) deems it "unthinkable that the same Constitution would impose a lesser duty on the Federal Government than upon states."

Dubiously, OPM tries to side-step *Bolling v. Sharpe* by invoking *Brown v. General Services Administration*, 425 US 820 (1979). OPM argues that *Brown* bars federal workers from bringing any constitutional claims for wrongs in the workplace. But *Brown* holds no such thing. In fact, *Brown* expressly recognizes that federal workers can sue to enjoin agencies from violating the Constitution. *Brown* concludes "an action seeking to enjoin unconstitutional agency conduct would lie" for federal workers. *Brown*, 425 US at 826 & n.7 (citing *Bolling v. Sharpe*).

OPM's suggestion that Congress has otherwise expressly relieved federal agencies of their constitutional duties in the context of federal

sector workplaces also directly conflicts with Title VII. A provision of Title VII sub-titled "Government agency or official not relieved of responsibility to assure nondiscrimination in employment or equal employment opportunity," states that,

> Nothing contained in this Act shall relieve any Government agency or official of its or his primary responsibility to assure nondiscrimination in employment as required by the Constitution and statutes or of its or his responsibilities under Executive Order 11478 relating to equal employment opportunity in the Federal Government.

42 USC 2000e-16(e). Far from suggesting preemption of Constitutional claims, Section 2000e-16(e) expressly recognizes the Constitution, in addition to federal statutes, govern the field of federal worker employment discrimination.

## III.  COUNT THREE'S REFERENCE TO THE AMERICANS WITH DISABILITIES ACT (ADA) CORRECTLY ELEVATES WHAT OPM ADMITS—THAT IT AMENDS THE REHABILITATION ACT.

OPM admits in its motion that the Rehabilitation Act incorporates the ADA. Despite that admission, OPM suggests Mr. Manning's reference in the title of Cause Three which references both the

16

Rehabilitation Act and the ADA requires dismissal for failure to state a claim.

In good faith, it is unclear why OPM invites this Court to hold as a matter of law that it is wrong for Mr. Manning to state his statutory disability cause of action is premised on the Rehabilitation Act and the ADA. As a technical matter, OPM's admission belies its demand to dismiss or carve out the ADA at this stage. As a practical matter, it is unclear what OPM hopes to achieve by requesting let alone obtaining dismissal pursuant to the ADA. It is this Court's solemn duty to interpret statutes as written by Congress. This Court cannot ignore the legislative fact that the Rehabilitation Act incorporates parts of the ADA.

## IV.  SECTION 1557 PROHIBITS SEX AND DISABILITY DISCRIMINATION IN CONTRACTS OF INSURANCE.

OPM suggests that the Section 1557 of the Affordable Care Act, does not bind the federal government (ECF No. 10 at 7). On that premise, OPM demands that portions of Counts One and Three making reference to Section 1557 be dismissed. This request fails by the same logic as OPM's attack on the ADA discussed *supra*, Part III.

Additionally, OPM overlooks that Section 1557 prohibits discrimination in health programs and activities based on, inter alia, sex and disability. Section 1557's text expressly prohibits discrimination in "contracts of insurance . . . under any program or activity that is administered by an Executive Agency." *See* Section 1557 codified at 42 USC § 18116(a).

OPM's insistence that FEHB plans must be exception from Section 1557 is contrary to well-settled precedent. To wit, "both parties to a discriminatory contract are liable for any discriminatory provisions the contract contains, regardless of which party initially suggested inclusion of the discriminatory provisions." *Ariz. Governing Comm. For Tax Deferred Annuity and Deferred Cop. Plans v. Norris*, 463 US 1073, 1090 (1983).

OPM also misses that Section 1557 expressly rejects the notion that it is subservient to other federal laws even if they may redress similar or the same injuries. In pertinent part Section 1557 states that, the ACA does not "invalidate or limit the rights, remedies, procedures, or legal standards available to individuals aggrieved under . . . title VII of the

Civil Rights Act of 1964." 42 USC § 18116(b). This is not the stuff of statutory preemption.

This Court should decline to create an exception to Section 1557 that Congress did not expressly provide. *Andrus v. Glover Constr. Co.*, 446 US 608, 616–17 (1980) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent.").

Separately, OPM's reliance on regulations issued by the Department of Health and Human Services (HHS) is misplaced (ECF No. 10 at 7–8). Mr. Manning does assert that he has a cause of action under a regulation—he alleges he is protected by Section 1557, a statute. Moreover, HHS's view of Section 1557's metes and bounds does not deprive this Court of its solemn duty to determine what the law requires. *Loper Bright Enterprises v. Raimondo*, 603 US 369, 412 (2024) (Roberts, C.J.) ("judges have always been expected to apply their 'judgment' independent of the political branches when interpreting the laws those branches enact").

19

## CONCLUSION

For all of the foregoing reasons, Mr. Manning respectfully requests that OPM's partial motion to dismiss be denied in its entirety.


Dated: July 24, 2025


Respectfully submitted,

/s/ Ezra Young
Ezra Young (NY Bar No. 5283114)
LAW OFFICE OF EZRA YOUNG
210 North Sunset Drive
Ithaca, NY 14850
P: (949) 291-3185
ezra@ezrayoung.com


*Counsel for Plaintiff Mr. Manning*