UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SLOAN MANNING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. OFFICE OF PERSONNEL MANAGEMENT,<br><br>　　　　Defendant. | Civil Action No. 25-0342 (CKK) |

**REPLY IN FURTHER SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS IN PART**

**TABLE OF CONTENTS**

ARGUMENT ........................................................................................................................... 1

    I.      The ADA Claims Should be Dismissed. ................................................................ 1

    II.     The ACA and Constitutional Claims Are Precluded by Title VII and the Rehabilitation Act. ................................................................................................. 1

    III.    Plaintiff Cannot Bring a Claim Under Section 1557 of the ACA ........................... 3

CONCLUSION ........................................................................................................................ 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................. 3

*Brown v. Gov't of D.C.*,
  390 F. Supp. 3d 114 (D.D.C. 2019) ..................................................................................... 2

\* *Brown v. GSA*,
  425 U.S. 820 (1976) ............................................................................................................. 2

*Doe v. District of Columbia*,
  796 F. Supp. 559 (D.D.C. 1992) .......................................................................................... 2

*Duffy v. Dodaro*,
  Civ.A. No. 16-1178, 2020 WL 1323225 (D.D.C. Mar. 21, 2020) ....................................... 3

*Ethnic Emps. of Libr. of Cong. v. Boorstin*,
  751 F.2d 1405 (D.C. Cir. 1985) ........................................................................................... 2

*Hester v. Mayorkas*,
  Civ.A. No. 21-639, 2022 WL 4464876 (D.D.C. Sept. 26, 2022) ........................................ 3

*Jean-Baptiste v. District of Columbia*,
  958 F. Supp. 2d 37 (D.D.C. 2013) ....................................................................................... 2

*Plans v. Norris*,
  463 U.S. 1073 (1983) ........................................................................................................... 3

*Terveer v. Billington*,
  34 F. Supp. 3d 100 (D.D.C. 2014) ....................................................................................... 3

*Wannall v. Honeywell, Inc.*,
  775 F.3d 425 (D.C. Cir. 2014) ............................................................................................. 1

**Statutes**

29 U.S.C. § 794a ................................................................................................................. 2, 3

42 U.S.C. § 2000e-5 ............................................................................................................ 2, 3

42 U.S.C. § 16118 .................................................................................................................. 4

Affordable Care Act, 111 Pub. L. No. 148 (Mar. 23,2010).............................................................. 4

Defendant U.S. Office of Personnel Management ("OPM") respectfully files this reply in further support of Defendant's motion to dismiss Plaintiff Sloan Manning's Complaint in part under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim ("Mot." or "Motion," ECF No. 10). For the following reasons and those stated in Defendant's Motion, the Court should dismiss Plaintiff's Complaint in part.

## ARGUMENT

### I. The ADA Claims Should be Dismissed.

Plaintiff does not dispute that the Rehabilitation Act is the exclusive remedy for disability discrimination claims made by federal employees. *See* Pl.'s Opp'n to Mot. ("Opp'n," ECF No. 11) at 21-22.[1] By failing to address Defendant's argument on this point, Plaintiff has conceded it. *See Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) ("[I]f a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded."). Thus, the Court can dismiss any ADA claim.

### II. The ACA and Constitutional Claims Are Precluded by Title VII and the Rehabilitation Act.

Defendant's Motion argued that Plaintiff's claims under the Affordable Care Act ("ACA") and the Constitution should be dismissed because they are precluded by Title VII and the Rehabilitation Act. *See* Mot. at 10-12. Plaintiff's arguments in response are not persuasive.

First, Plaintiff argues that his ACA and constitutional claims are not duplicative of his Title VII and Rehabilitation Act claims. *See* Opp'n at 14-16. Defendant, however, did not argue that any general principle against duplicative claims should bar his ACA and constitutional claims. Rather, Defendant only argued that Title VII and the Rehabilitation Act are the exclusive remedies

---

[1] All citations are to the ECF-generated page numbers.

for federal employees raising sex and disability discrimination claims under *Brown v. GSA*, 425 U.S. 820 (1976). *See* Mot. at 10-12. As a result, Plaintiff's citation to *Brown v. Gov't of D.C.*, 390 F. Supp. 3d 114, 121 (D.D.C. 2019) is immaterial. That case did not involve the preclusion of constitutional and other statutory claims for federal employees raising allegations of discrimination under Title VII and the Rehabilitation Act. *See id.*

Second, Plaintiff argues that his ACA and constitutional claims are not precluded because they seek different relief than what his Title VII and Rehabilitation Act claims seek and since Title VII does not abrogate the government's duties under the Constitution. *See* Opp'n at 10, 16, 19-21. Defendant, however, acknowledged that neither Title VII nor the Rehabilitation Act "prevent[s] federal employees from suing their employers for constitutional violations against which Title VII provides no protection at all." *Ethnic Emps. of Libr. of Cong. v. Boorstin*, 751 F.2d 1405, 1415 (D.C. Cir. 1985); Mot. at 10-11. However, even if they seek different forms of relief, Plaintiff's ACA and constitutional claims are nonetheless still precluded because they are based on "the same set of facts" that are being used to support his Title VII and Rehabilitation Act claims. *See* Mot. at 10-11 (citing Compl. at 21, 24, 27, 30). Here, because his ACA, constitutional, Title VII, and Rehabilitation Act claims all seek to "redress the same basic injury" – the denial of his medical claim for nipple reconstruction surgery – they are precluded by Title VII and the Rehabilitation Act for the vey reasons stated in *Boorstin*, 751 F.2d at 1415. Additionally, there is no indication that Plaintiff cannot seek injunctive or equitable relief from his Title VII and Rehabilitation Act claims if he can demonstrate he is entitled to such relief. *See* 42 U.S.C. § 2000e-5(g); 29 U.S.C. § 794a(a)(1); *Jean-Baptiste v. District of Columbia*, 958 F. Supp. 2d 37, 40 (D.D.C. 2013); *Doe v. District of Columbia*, 796 F. Supp. 559, 571 (D.D.C. 1992). Contrary to Plaintiff's suggestion

otherwise, Opp'n at 10, Title VII and Rehabilitation Act also allow for recovery of attorney's fees and costs for prevailing parties. *See* 42 U.S.C. § 2000e-5(k); 29 U.S.C. § 794a(b).

Finally, the Court should reject Plaintiff's suggestion that it would be premature to consider Defendant's arguments for dismissal. *See* Opp'n at 16-19. The standard on a motion under Rule 12(b)(6) is whether Plaintiff has stated claim for which he can seek relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). As Defendant's Motion noted, many courts have dismissed, on consideration of a Defendant's Rule 12(b)(6) motion, a federal employee plaintiff's constitutional claims as merely a "recast" of the Title VII and Rehabilitation Act claims. *See* Mot. at 11; *Duffy v. Dodaro*, Civ. A. No. 16-1178, 2020 WL 1323225, at *7 (D.D.C. Mar. 21, 2020) (dismissing under Rule 12(b)(6) due process claim which did not appear different from ADA claims); *Hester v. Mayorkas*, Civ. A. No. 21-639, 2022 WL 4464876, at *4 (D.D.C. Sept. 26, 2022) (dismissing under Rule 12(b)(6) constitutional claims as precluded by Title VII), *aff'd*, No. 22-5312, 2023 WL 3829323 (D.C. Cir. June 2, 2023); *Terveer v. Billington*, 34 F. Supp. 3d 100, 121-22 (D.D.C. 2014) (Kollar-Kotelly, J.) (dismissing under Rule 12(b)(6) due process and Equal Protection claims based on sex stereotyping as duplicative of Title VII claims). Plaintiff does not attempt to differentiate any of these cases. *See* Opp'n at 14-21.

Thus, for these reasons and those stated in Defendant's Motion, the Court should dismiss Plaintiff's Equal Protection and ACA claims as precluded by Title VII and the Rehabilitation Act.

### III.     Plaintiff Cannot Bring a Claim Under Section 1557 of the ACA.

Plaintiff also still cannot bring a claim under Section 1557 of the ACA, as Section 1557 simply does not apply to OPM. Plaintiff's arguments in opposition do not salvage his claims.

First, Plaintiff points to *Ariz. Governing Comm. For Tax Deferred Annuity and Deferred Cop. Plans v. Norris*, 463 U.S. 1073, 1090 (1983). *See* Opp'n at 23. But that case did not interpret

- 3 -

the ACA; nor could it have since it preceded the enactment of Section 1557 of the ACA in 2010. *See* Affordable Care Act, 111 Pub. L. No. 148 (Mar. 23, 2010).

Second, Plaintiff points to the language in Section 1557 that says "[n]othing in this title (or an amendment made by this title) shall be construed to invalidate or limit the rights, remedies, procedures, or legal standards available to individuals aggrieved under . . . title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e et seq.)[.]" *See* Opp'n at 23-24 (citing 42 U.S.C. § 16118(b)). But that language does not purport to create a cause of action under the ACA for federal employees who have been allegedly discriminated against in the denial of medical claims under a health care plan provided by the Federal Employee Health Benefits Program ("FEHB"). Rather, the plain language merely states that Title VII remedies are still available notwithstanding Section 1557. *See* 42 U.S.C. § 16118(b). And here, Defendant has not sought dismissal of Plaintiff's Title VII or Rehabilitation Act claims. *See generally* Mot.

Finally, Plaintiff argues that Defendant improperly cited to the Department of Health and Human Service's regulations since Plaintiff is not bringing any claim under those regulations. *See* Opp'n at 24. Defendant, however, only cited those Department regulations to bolster its point that Section 1557 was not meant to provide an avenue of relief for federal employes challenging denial of coverage from an FEHB insurance plan. *See* Mot. at 12-13. Plaintiff does not appear to dispute that point. *See* Opp'n at 24.

Thus, for these reasons and those stated in Defendant's Motion, the Court should dismiss Plaintiff's ACA claims.

\*   \*   \*

## CONCLUSION

For these reasons, the Court should dismiss Plaintiff's Complaint in part. The only remaining claims should be the Title VII sex discrimination claim and Rehabilitation Act claim.

Dated: July 31, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     */s/ Erika Oblea*
ERIKA OBLEA, D.C. Bar #1034393
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2567
Erika.Oblea@usdoj.gov

*Attorneys for the United States of America*

- 5 -